The Honorable John C. Ward State Representative 2705 Donaghey Drive North Little Rock, Arkansas 72116
Dear Representative Ward:
This is in response to your request for an opinion on the following question:
 May a corporation file its own cases in the Municipal Courts in this state either under the Small Claims Act or under any other section of the law?
Arkansas Code of 1987 Annotated 16-17-605 (Supp. 1987) governs actions brought by and against corporations pursuant to the Small Claims Procedure Act. See A.C.A. 16-17-601 et seq. 16-17-605 (Supp. 1987) states:
 (a) Corporations, other than those identified in 16-17-604, which are organized under the laws of this state and which have no more than three (3) stockholders may sue and be sued in small claims courts created pursuant to this subchapter.
(b) A corporation shall be represented in the proceedings by an officer of the corporation.
A.C.A. 16-17-604 states:
 No action may be brought under this subchapter by an collection agency, collection agent, or assignee of a claim or by any person, firm, partnership, association, or corporation engaged, either primarily or secondarily in the business of lending money at interest.
A.C.A. 16-17-612 (Supp. 1987) should also be noted with respect to its restriction on participation of legal counsel in small claims division litigation. A.C.A. 16-17-612(a) provides:
 No attorney at law or person other than the plaintiff and defendant shall take part in the filing, prosecution, or defense of litigation under this subchapter. When any case is pending in the small claims division of any municipal court and the judge or referee of the court determines that an attorney is representing any party in the case, the case shall immediately be transferred to the regular municipal courts docket. . . .
It appears from the foregoing that a corporation which does not fall within those categories enumerated under 16-17-604 and which has three or less stockholders, as provided by 16-17-605, may proceed on its own behalf in small claims court, provided the action does not exceed the $3,000 jurisdictional limit conferred on municipal courts pursuant to Amendment 64 to the Arkansas Constitution. See also A.C.A. 16-17-602 (Supp. 1987).
The Municipal Court Civil Jurisdiction Act, which is codified as A.C.A. 16-17-701 et seq. (Supp. 1987), must also be considered in response to your inquiry. Unlike the Small Claims Procedure Act, the Municipal Court Civil Jurisdiction Act places no restrictions on the entities that may bring actions thereunder. Nor does it restrict the participation of legal counsel. Civil actions filed pursuant to the Act are subject to the $3,000 jurisdictional limit for municipal courts prescribed by Amendment 64.
It should be noted, finally, that as a general rule corporations share the same status as persons insofar as their capacity to sue and be sued:
 As an incident to its capacity to sue or be sued where a corporation sues or is sued, it occupies the same position as a natural person sui generis, and may take any step that an individual might take under like circumstances to bring the action to final judgment.
See 19 C.J.S. Corporations 1287. It may therefore be concluded that a corporation may file a civil cause of action subject to the jurisdictional limit of $3,000, in municipal court under the Municipal Court Civil Jurisdiction Act.
The Attorney General is required under A.C.A. 25-16-706 to provide his opinion to the General Assembly on the constitutionality of any proposed bill. He is precluded, however, from engaging in the private practice of law. A.C.A. 25-16-701. Therefore, this opinion is not provided for the benefit of private third parties, nor should it be relied upon or offered for that purpose.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.